IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| BPS Staffing, Inc., | ) | No. 10 B 17827 |
| | ) | |
| Debtor. | ) | *Hon. Bruce W. Black* |

## DEBTOR'S MOTION TO REDUCE NOTICE PERIOD

Now comes the Debtor, BPS Staffing, Inc., by and through its attorneys Keevan D. Morgan and Joel E. Blumenfeld of Morgan & Bley, Ltd., and Alan O. Fridman, Esq. (the "Attorneys"), and pursuant to Bankruptcy Rule 9006(c)(1) moves this Honorable Court to reduce the notice requirement in connection with the June 24, 2010 Final Hearing regarding the Debtor's Motion for Use of Cash Collateral (the "Final Hearing"), to 15 days, which Notice was already served on June 9, 2010. In support of its motion, the Debtor states as follows:

1. On May 27, 2010, this Court entered its Second Interim Order Authorizing Debtor To (I) Use Cash Collateral, (II) Borrow Money, (III) Grant Security Interest, (IV) Accord Priority Status And (V) Obtain Related Relief (the "Order").

2. Notice of the Final Hearing with a copy of the Order attached was sent to all Creditors and Parties in Interest herein on June 9, 2010. As such, Creditors and Parties in Interest were provided with 15 days notice of the Final Hearing (the "Notice").

3. Bankruptcy Rule 2002(a)(2) provides in pertinent part as follows:

The court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least 20 days' notice by mail of . . . (2) a proposed use, sale or lease of property of the estate other than in the ordinary course of business, unless the court for cause shown shortens the time or directs another method of giving notice.

4. Moreover, Bankruptcy Rule 9006(c)(1) provides:

Except as provided in paragraph (2) of this subdivision, when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced.

5. After May 27, 2010, and before June 9, 2010, the Attorneys were inundated with a number of pressing matters and did not provide Creditors and Parties in Interest herein with 20 days' notice. These matters included but were not limited to the following:

(a) From May 17, 2010 until June 2, 2010, the Attorneys were involved in, and ultimately settled a particularly complex and demanding divorce trial in McHenry County, Illinois;

(b) Drafting and preparing for a hearing on a Motion to Dismiss regarding a fraud claim in Will County, Illinois;

(c) Filing Stay Motions in several additional, unrelated bankruptcy proceedings; and

(d) From June 3, 2010 to June 6, 2010, lead counsel Keevan Morgan was in Arizona on a personal matter.

6. Although Creditors and Parties in Interest of the Debtor did not receive 20 days' notice of the Final Hearing, they were provided with 15 days notice. Moreover, such Creditors and Parties in Interest were each provided with a copy of the Order to ensure that they received ample information in connection with the Final Hearing.

7. Since the date on which Notice was sent to Creditors and Parties in Interest, the Attorneys have not received a single objection to the Debtor's proposed relief.

8. In light of the foregoing, cause exists to reduce the notification period by six (6) days.

WHEREFORE, the Debtor respectfully requests that this Honorable Court enter an Order reducing the notification requirements under Bankruptcy Rule 2002(a)(2) to a period of 15 days in with respect to the Final Hearing on the Debtor's Cash Collateral Motion.

BPS STAFFING, INC.

By: /s/ Keevan D. Morgan

Keevan D. Morgan
Joel E. Blumenfeld
Morgan & Bley, Ltd.
900 West Jackson Blvd.
Suite 4 East
Chicago, Illinois 60607
312.243.0006